## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 22 2016, 9:10 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Joel M. Schumm
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Eric P. Babbs
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Ariel Lasos,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | December 22, 2016<br><br>Court of Appeals Case No.<br>49A02-1604-CR-772<br><br>Appeal from the Marion Superior<br>Court<br><br>The Honorable Steven J. Rubick,<br>Magistrate<br><br>Trial Court Cause No.<br>49G01-1409-F5-42715 |

**Bailey, Judge.**

# Case Summary

Ariel Lasos ("Lasos") was convicted of Battery Resulting in Serious Bodily Injury, as a Level 5 felony,[1] after a jury trial. He now appeals.

We affirm.

# Issue

Lasos raises one issue for our review, which we restate as whether it was fundamental error for the trial court to issue certain jury instructions related to the jury's deliberative process.

# Facts and Procedural History

On September 6, 2014, Lasos was part of a group of individuals fighting at a bar in Indianapolis. The fight escalated, and Lasos retrieved a baseball bat from his car. Lasos then used the bat to strike the back of another man's head. That individual, Victor Castro, had been attempting to avoid the crowd of people fighting. Castro immediately lost consciousness after Lasos struck him. Lasos's conduct was witnessed by officers from the Lawrence Police Department who had been called to respond to the scene.

---

[1] Ind. Code § 35-42-2-1.

[5] On September 8, 2014, Lasos was charged with Battery Resulting in Serious Bodily Injury, as a Level 5 felony; Battery with a Deadly Weapon, as a Level 5 felony;[2] and Resisting Law Enforcement, as a Level 6 felony.[3]

[6] On March 2, 2016, a jury trial was conducted, at the conclusion of which the jury found Lasos guilty of Battery Resulting in Serious Injury and not guilty on the other two counts. On March 18, 2016, the trial court sentenced Lasos to four years imprisonment, with two years suspended to probation.

[7] This appeal ensued.

# Discussion and Decision

[8] Lasos challenges the propriety of certain jury instructions that the trial court issued. Our standard of review with respect to jury instructions generally has been set forth by the Indiana Supreme Court:

> Because instructing the jury is a matter within the sound discretion of the trial court, we will reverse a trial court's decision to tender or reject a jury instruction only if there is an abuse of that discretion. We determine whether the instruction states the law correctly, whether it is supported by record evidence, and whether its substance is covered by other instructions. Jury instructions are to be considered as a whole and in reference to each other; error in a particular instruction will not result in

---

[2] I.C. § 35-42-2-1.

[3] I.C. § 35-44.1-3-1.

> reversal unless the entire jury charge misleads the jury as to the law in the case.

*Pattison v. State*, 54 N.E.3d 361, 365 (Ind. 2016) (citations and quotations omitted).

[9] Lasos acknowledges that he did not object to any of the challenged jury instructions at trial, but argues that the trial court's instructions were so deficient as to rise to the level of fundamental error. Cf. id. In such cases, we will reverse only if an error "is a substantial blatant violation of basic principles and where, if not corrected it would deny a defendant fundamental due process." *Id.* (citations and quotations omitted). The fundamental error rule is a narrow exception to the requirement for a contemporaneous objection to an erroneous instruction, and affords relief "only in egregious circumstances that made a fair trial impossible." *Id.* (citations and quotations omitted).

[10] Here, Lasos challenges part or all of three jury instructions. Instruction 10 includes within it a statement to the jurors that "[y]ou must decide the facts from your memory of the testimony and exhibits admitted for your consideration." (App'x at 67.) Instruction 34 states, in its entirety, "The transcript of the trial will not be available during your deliberations. Base your verdict on the evidence as you remember it." (App'x at 94.) Instruction 32 states in part, "I often am not allowed to answer your questions, except by re-reading all of the jury instructions." (App'x at 91-92.) Lasos contends that these three statements are contrary to Indiana Code section 34-36-1-6, Indiana Jury Rule 28, and interpretive case law.

Indiana Code section 34-36-1-6 provides:

> If, after the jury retires for deliberation:
>
> (1) there is a disagreement among the juror as to any part of the testimony; or
>
> (2) the jury desires to be informed as to any point of law arising in the case;
>
> The jury may request the officer to conduct them into court, where the information required shall be given in the presence of, or after notice to, the parties or the attorneys representing the parties.

Jury Rule 28 provides:

> If the jury advises the court that it has reached an impasse in its deliberations, the court may, but only in the presence of counsel, and, in a criminal case the parties, inquire of the jurors to determine whether and how the court and counsel can assist them in their deliberative process. After receiving the jurors' response, if any, the court, after consultation with counsel, may direct that further proceedings occur as appropriate.

Lasos argues that the jury instructions cannot be reconciled with the statute and the rule, because the instructions "fail to inform the jury of its right to re-hear testimony in the case of disagreement (or even without a disagreement)" and "affirmatively suggest that listening to testimony is impossible … because the jurors must decide the case solely on 'the evidence as [jurors] remember it' or 'from [their] memory'" because no transcript would be available and the court

often is unable to answer juror questions. (Appellant's Br. at 9.) Lasos argues that these instructions are incorrect, and this amounted to a violation of the very right to trial by jury.

[12] We disagree. With respect to questions from the jury generally, Lasos challenges a single sentence in Instruction 32 related to what answers the trial court stated it might or might not be able to provide. In its full context, Instruction 32 provides: "Any question for me must be in writing and given to the bailiff. I often am not allowed to answer your questions, except by re-reading all of the jury instructions. Because I have given you those instructions, you may be able to answer your questions by reviewing them." (App'x at 91-92.) In context, the meaning of the sentence Lasos challenges is plain: it instructs the jury to consider whether it can answer its own questions, thereby facilitating the process of the jury's deliberation. Lasos's brief does not specify how the sentence—in or out of its context—is incorrect. We thus find no error with respect to Instruction 32.

[13] Instructions 10 and 34 relate to the requirement that the jurors use the exhibits and their memory of the testimony to decide the case, and informs the jury that a transcript of the testimony will not be available. Lasos argues that the instructions are erroneous because they do not inform jurors of their "right" to obtain playback of a recording of the testimony from the trial. (Appellant's Br. at 9.) Lasos directs us to no enunciation of such a right, but nevertheless insists that it exists. Neither Section 34-36-1-6 nor Jury Rule 28 *require* that courts inform juries of such a right, and neither of them by their terms require that the

court replay audio recordings of testimony. Rather, this Court has held that a trial court did not abuse its discretion when a criminal defendant claimed that he was prejudiced when a trial court replayed a recording of the victim's testimony. *Parks v. State*, 921 N.E.2d 826, 831-32 (Ind. Ct. App. 2010), *trans. denied*. We decline to conclude that *Parks* gave rise to a right for the jury to hear playback of testimony—let alone that it requires trial courts to instruct juries of such a right. We accordingly find no error, much less fundamental error, in Instructions 10 and 34.

# Conclusion

[14] The trial court did not err in its instruction of the jury.

[15] Affirmed.

Najam, J., and May, J., concur.